**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-22591-Civ-COOKE/TORRES**

LOLA STYLE, INC., a Florida
corporation,

      Plaintiff,

v.

U.S.A. DAWGS, INC.,

      Defendant.

---

**DEFENDANT U.S.A. DAWGS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS FOR PATENT INFRINGEMENT OF U.S. PATENT NO. D655,898**

---

Defendant, U.S.A. DAWGS, INC. ("USA Dawgs"), submits its Answer, Affirmative Defenses and Counterclaims in response to Plaintiff's Complaint as follows:

### PARTIES[1]

1.     USA Dawgs is without knowledge of this allegation.

2.     Admitted.

### JURISDICTION AND VENUE

3.     Admitted that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. § 1331 and 1338(a), but denies that the Complaint properly states a claim for relief, and further denies any wrongdoing or infringement.  For the reasons set forth in the

---

[1] We track the headings in the Complaint for ease of reference only and without admission as to any claims.

Counterclaims, it is Plaintiff/Counterdefendant that is the infringer of USA Dawgs' earlier granted patent.

4.  USA Dawgs does not contest personal jurisdiction.

5.  USA Dawgs does not contest venue.

## GENERAL ALLEGATIONS

6.  The Complaint omits and fails to identify who filed the patent application identified therein; otherwise, USA Dawgs is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in ¶ 6, and based on such lack of knowledge or information, denies each and every allegation contained therein.

7.  USA Dawgs admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,032,327 entitled "Collapsible Footwear" on April 25, 2006 ("the '327 patent"). USA Dawgs denies each and every other allegation contained in paragraph 7, and specifically denies, for the reasons detailed in the Counterclaims, that Plaintiff's patent application was "fully and fairly" examined.

8.  USA Dawgs is without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in ¶ 8, and based on such lack of knowledge or information, denies each and every allegation contained therein.

9.  Denied that USA Dawgs infringed the asserted patent.  Rather, it is Plaintiff which is infringing on USA Dawgs' patent.  USA Dawgs is otherwise without knowledge concerning the allegations in ¶ 9 and denies them.

10.  Denied.

11.  Denied in full.

12.     These allegations are legal conclusions to which no response is required; but USA Dawgs denies them in full.

## COUNT I - INFRINGEMENT

13.     USA Dawgs reasserts its answers to nos. 1-12 herein.

14.     USA Dawgs denies each and every allegation contained in ¶ 14.  USA Dawgs further specifically denies that it has engaged in any acts of infringement of any claim of the '327 patent.

15.     USA Dawgs denies each and every allegation contained in ¶ 15.  USA Dawgs also specifically denies that it has engaged in any acts of infringement of any claim of the '327 patent and denies that Plaintiff is entitled to any damages.

16.     USA Dawgs denies each and every allegation contained in ¶ 16. USA Dawgs also specifically denies that it has engaged in any acts of infringement of any claims of the '327 patent and denies that Plaintiff is entitled to an injunction.

17.     USA Dawgs denies each and every allegation contained in ¶ 17. USA Dawgs also specifically denies that it has engaged in any acts of infringement of any claims of the '327 patent and denies that Plaintiff is entitled to enhanced damages, attorneys' fees or costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

**(Failure to State a Claim)**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted by this Court, including, *inter alia*, Plaintiff's prior infringement of USA Dawgs' patent.

### Second Affirmative Defense

**(Patent Invalidity under 35 U.S.C. § 102 and/or 35 U.S.C. § 103)**

The claims of the asserted '327 patent are invalid either because they are anticipated under 35 U.S.C. § 102 by the prior art or are rendered obvious under 35 U.S.C. § 103 by the prior art. Invalidating prior art to this patent includes, but is not limited to, the following references:

1)      ES 125552 (inventor: Santoja Flores) (1966) ("Calzado Ligado y Flexible con Facultad de Plegabilidad Total"). See attached **Exhibit 1**, which depicts the following illustration of this 1966 collapsible shoe described in this publication:



Fig. 3

Escala variable                    Madrid, 11 Noviembre 1966

2)      U.S. Patent No. 5,127,170 ("Collapsible Athletic Shoe," inventor: Messina) (filed 1990); see attached **Exhibit 2**, which is the front page of this patent.

3)      U.S. Patent No. 6,298,583 ("Camp Shoe" that collapses, inventor: Allen) (filed 2000); see attached **Exhibit 3**, which is the front page of this patent.

4)      U.S. Patent No. 7,168,190 ("Collapsible Shoe," inventor: Gillespie) (filed 2002); see attached **Exhibit 4**, which is the front page of this patent.

5)      ES U2003011808; WO 2004/098335 (inventor: Izquierdo Juarez) (priority date: May 7, 2003) ("Calzado De Gran Flexibilidad Que Se Dobla Sin Esfuerzo Para Guardarse En Poco Espacio" / "Highly-Flexible Shoe which can be Effortlessly Folded in Two such as to Occupy a Small Storage Space"); see attached **Exhibit 5**, which is the first pages and an illustration page of this reference.

6)      Representative examples of flexible sandals that can be collapsed or folded for enhanced portability and storage (public and readily available examples range from pre-historic use by nomadic peoples to practical uses in contemporary times), all of which render the patent invalid under §§ 102 and 103.  See **Composite Exhibit 6**: a) depiction of 1975 University of Oregon Museum of Natural History poster showing prehistoric sagebrush bark sandals; b) museum image of flexible ancient Egyptian sandals; c) image of Medieval era flexible braided jute and fabric sandals; and d) image of Medieval era flexible esparto grass espadrille sandals. Accordingly, the idea that Plaintiff's "Collapsible Footwear" patent is somehow novel or nonobvious is simply not credible.

### Third Affirmative Defense
### (Patent Invalidity under 35 USC § 112)

The claims of the '327 patent are invalid because they fail to meet the enablement requirements and/or written description requirements of 35 USC § 112, first paragraph, and/or they fail for indefiniteness under 35 USC § 112, second paragraph, for failing to establish the metes and bounds of each and all claims of the '327 patent.

### Fourth Affirmative Defense
### (Inequitable Conduct and/or Fraud)

During the prosecution of the '327 patent, the inventors, assignors and those associated with the filing and prosecution of the patent application committed inequitable conduct or fraud by knowingly withholding and/or otherwise failing to bring to the attention of the United States Patent and Trademark Office (the "PTO") prior art that was material to patentability and/or the identity of the actual inventor, thereby rendering each of the '327 patent claims unenforceable. This inequitable conduct or fraud includes, but it is not limited to, the fact that Plaintiff and

Plaintiff's representatives never filed an Information Disclosure Statement ("IDS") disclosing material prior art, in clear violation of their duties and requirements under 37 C.F.R. §§ 1.56, 1.97 and 1.98. Sandals have existed for thousands of years, and thus the field of sandal footwear technology is an extremely mature, developed and crowded field of art. As suggested above, the historical (and even pre-historical) record is replete with instances of flexible sandals and other footwear that could be collapsed or folded for enhanced portability and storage, thus, it is beyond the realm of the plausible that Plaintiff and its representatives could not identify to the United States Patent and Trademark Office a single material reference that might relate to the patentability of the '327 patent's application disclosure on sandals sufficiently flexible as to fold them for storage.

Assuming arguendo, one might conceive of the possibility that there might be some truly radical departures in some fields of art (perhaps consumer applications with particle physics or artificial intelligence), wherein one has difficulty identifying a single piece of art relevant to a breakthrough new discovery, but this is certainly not the case where the relevant field of art involves sandals and flip-flops. Quite the contrary. Instead, Lola Style's intentional decision not to file an Information Disclosure Statement with the United States Patent and Trademark Office is a clear violation of 37 C.F.R. §1.56, 1.97 and 1.98 and betrays strong evidence of Lola Style's intentional, unethical conduct before the United States Patent and Trademark Office, rendering the '327 patent unenforceable.

### Fifth Affirmative Defense
### (Laches)

Plaintiff's claims are barred under the doctrine of laches because Plaintiff unreasonably delayed any effort whatsoever to enforce its supposed patent rights, despite its full awareness of USA Dawgs' longstanding sales of products allegedly covered by the '327 patent.

### Sixth Affirmative Defense
### (Unclean Hands)

Plaintiff's claims are barred under the doctrine of unclean hands, including, without limitation, Plaintiff's fraud and/or inequitable conduct before the PTO, as described above.

### Seventh Affirmative
### (Waiver, Acquiescence and Estoppel)

Plaintiff's claims are barred by waiver, acquiescence and/or estoppel, including, without limitation, caused by Plaintiff's long delay in seeking to enforce is supposed patent rights.

### Eighth Affirmative Defense
### (Non-Entitlement to Costs)

Plaintiff is not entitled to any costs in this lawsuit because of its failure to comply with the provisions of 35 U.S.C. § 288.

### Ninth Affirmative Defense
### (Failure to Mark Patent)

Plaintiff's product was not marked in accordance with 35 U.S.C. § 287, which precludes Plaintiff from recovering any damages for alleged patent infringement prior to the date of actual notice of infringement served upon USA Dawgs.

**Tenth Affirmative Defense**

**(Lack of Irreparable Harm)**

Plaintiff's claims for injunctive relief are barred as Plaintiff cannot show that it will suffer any irreparable harm from USA Dawgs' actions.

**Eleventh Affirmative Defense**

**(Adequacy of Remedy at Law)**

The alleged injury or damage suffered by Plaintiff, if any, would find appropriate relief and would be adequately compensated by damages. Accordingly, Plaintiff is not entitled to seek an injunction or other such equitable relief.

WHEREFORE, USA Dawgs prays for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint;

2. That judgment be entered in favor of USA Dawgs;

3. That this Court find that the '327 patent is invalid and/or unenforceable;

4. That this Court award Defendant USA Dawgs its costs of suit incurred herein including attorneys' fees and expenses under 35 U.S.C. § 285; and

5. Any other and further relief as this Court deems just and proper.

**COUNTERCLAIMS**

For its counterclaims against Plaintiff/Counter-Defendant Lola Style, Inc., Defendant/Counter-Plaintiff USA Dawgs states as follows:

## NATURE OF THE ACTION

Defendant/Counter-Plaintiff, USA Dawgs, brings this action against Plaintiff/Counter-Defendant for patent infringement of U.S. Patent No. D655,898, for unfair and deceptive trade practices under Florida law, and for declaratory judgment of patent invalidity and noninfringement of U.S. Patent No. 7,032,327.

## PARTIES

1.    USA Dawgs, Inc., is a corporation organized under the laws of the State

of Nevada with its principal place of business at 4120 W Windmill Ln Unit 106, Las Vegas, Nevada 89139.

2.    Upon information and belief, Plaintiff/Counter-Defendant is a Florida corporation with its principal place of business located at 241 SW 19th Road, Miami, Florida 33129.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202. Plaintiff/Counter-Defendant is subject to personal jurisdiction in this judicial district based on its corporate residence, and because of its regular and systematic conduct of business within the district.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Plaintifff/Counter-Defendant is a corporate resident of this judicial district.

## COUNT I
## PATENT INFRINGEMENT OF U.S. PATENT NO. D655,898

5.    USA Dawgs realleges and incorporates by reference each of the

allegations of paragraphs 1 through 4 of its Counterclaim above.

6.     Plaintiff/Counter-Defendant infringes U.S. Patent No. D655,898 (the '898 patent)

under 35 U.S.C. § 271. *See* attached **Exhibit 7** (copy of U.S. Patent No. D655,898).

7.     The acts of infringement include, but are not limited to, Plaintiff/Counter-Defendant's manufacture, use, offer to sell, and sales of products that infringe the '898 patent, including, *inter alia*, on the QVC network in 2012. *See* attached **Exhibit 8** (website publication of Lola Style product sales on QVC from 2012).

8.     As a result of Plaintiff/Counter-Defendant's infringing activities, USA Dawgs has been damaged.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '327 PATENT

9.     USA Dawgs realleges and incorporates by reference each of the

allegations of paragraphs 1 through 4 of its Counterclaims above.

10.     Plaintiff/Counter-Defendant alleges that USA Dawgs infringes the '327 patent.

11.     USA Dawgs requests that the Court enter a judgment declaring that it has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claims of the '327 patent.

## COUNT III
## DECLARATORY JUDGMENT OF THE INVALIDITY OF THE '327 PATENT

12.     USA Dawgs realleges and incorporates by reference each of the

allegations of paragraphs 1 through 4 of its Counterclaims above.

13.      USA Dawgs requests a declaration from this Court that the '327 patent is invalid under one of more of the provisions in Title 35 of the United States Code, including Sections 102, 103 and 112, based, *inter alia*, on the prior art references described above in USA Dawgs' affirmative defenses of patent invalidity.

**COUNT IV**

**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '327 PATENT**

14.      USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 4 of its Counterclaims above.

15.      USA Dawgs requests that the Court enter judgment declaring that the '327 patent is unenforceable against USA Dawgs based on, *inter alia*, Plaintiff/Counter-Defendant's fraud and inequitable conduct before the PTO, as described above in USA Dawgs' affirmative defenses.

**COUNT V**

**DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLA. STAT. § 501.201, et. seq.**

16.      USA Dawgs realleges and incorporates by reference each of the allegations of paragraphs 1 through 4 of its Counterclaims above.

17.      Plaintiff/Counter-Defendant has engaged in deceptive and unfair trade practices as proscribed by Fla. Stat. § 501.201 et seq., including, without limitation, its fraud, inequitable conduct, and material omissions before the PTO as described above in USA Dawgs' affirmative defenses.

18.     In addition, Plaintiff/Counter-Defendant intentionally, knowingly and in bad faith pursued litigation regarding the '327 patent, including patent infringement actions in this district against competitors including, e.g., Wal-Mart.com USA, LLC, Overstock.com, Inc., Amazon.com, Inc., Ebay, Inc. and Sears Brands, LLC.

19.     These misleading, deceptive and unfair business practices occurred in the course of Plaintiff/Counter-Defendant's business.

20.     Plaintiff/Counter-Defendant's misleading, deceptive and unfair business practices have misled and deceived consumers throughout the United States, including consumers in Florida, and these deceptive trade practices have significantly impacted the public as actual or potential consumers of the relevant goods. Plaintiff/Counter-Defendant's deceptive trade practices constitute *prima facie* evidence of its intent to injure competitors and to destroy or substantially lessen competition.

21.     As a direct and proximate result, USA Dawgs has suffered and will continue to suffer direct, incidental and consequential damages and is entitled, under Fla. Stat. § 501.211, to recover actual or statutory damages, profits, exemplary damages, reasonable attorneys' fees and costs in connection with this claim, along with appropriate equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, USA Dawgs demands judgment:

a) Awarding damages under 35 U.S.C. § 284 and Fla. Stat. § 501.211;

b) Awarding attorneys' fees under 35 U.S.C. § 285 and Fla. Stat. § 501.2105;

c) Awarding an amount equal to Plaintiff/Counterdefendant's profits under 35 U.S.C. § 289;

d)  Enjoining Plaintiff/Counter-Defendant's sales of the infringing product under 35 U.S.C. § 283;

e)  Declaring that USA Dawgs does not infringe the '327 patent;

f)  Declaring that the '327 patent is invalid;

g)  Declaring that the '327 patent is unenforceable; and

h)  Awarding USA Dawgs any other such relief as this Court finds just and proper.

DATED this 1st day of September, 2015.

> Respectfully submitted,
>
> /s/ Matthew S. Nelles
> Matthew S. Nelles
> Florida Bar No.009245
> E-mail: mnelles@broadandcassel.com
> Christopher M. Horton
> Florida Bar No. 91161
> E-mail:  chorton@broadandcassel.com
> BROAD AND CASSEL
> One Financial Plaza, Suite 2700
> Fort Lauderdale, Florida  33394
> Telephone: (954) 764-7060
> Fax:  (954) 761 8135
> Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 1, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel/parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

By: *<u>/s/  Matthew S. Nelles</u>*
Matthew S. Nelles

SERVICE LIST

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION--CASE NO. 15-22591-Civ-COOKE/TORRES
LOLA STYLE, INC., a Florida corporation, Plaintiff, vs. U.S.A. DAWGS, INC., Defendant.

| Attorneys for Plaintiff | Attorneys for Defendant |
| --- | --- |
| J.M. Guarch, Jr., Esq.<br>Florida Bar No. 765007<br>E-mail: Jguarch@acg-law.com<br>ARAN CORREA GUARCH & SHAPIRO, P.A.<br>255 University Drive<br>Coral Gables, Florida 33134<br>Telephone:  (305) 665-3400<br>Facsimile:   (305) 665-2250<br><br>Jason Bravo, Esq.<br>Florida Bar No. 085743<br>E-mail:  jbravo@thebravolawfirm.com<br>BRAVO LLP<br>2701 S. Bayshore Drive<br>Miami, Florida  33133<br>Telephone:  (305) 335-0709 | Matthew S. Nelles, Esq.<br>Florida Bar No. 009245<br>E-mail: mnelles@broadandcassel.com<br>Christopher M. Horton, Esq.<br>Florida Bar No. 91161<br>E-mail:  chorton@broadandcassel.com<br>BROAD AND CASSEL<br>One Financial Plaza, Suite 2700<br>100 S.E. 3rd Avenue<br>Fort Lauderdale, Florida  33394<br>Telephone: (954) 764-7060<br>Facsimile:  (954) 713-0987 |